UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THERESA M. SULLIVAN, *Pro Se*, | ) | Case No.: 1: 17 CV 2030 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, *et al.*, | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

*Pro Se* Plaintiff Theresa M. Sullivan has filed an *in forma pauperis* Complaint in this action

against the Department of Homeland Security, the Federal Bureau of Investigation, and the National

Security Agency. (Doc. No. 1.) Her Complaint does not set forth allegations that are intelligible

to the court. The only allegations set forth in her Complaint are that she seeks "immediate and

permanent relief from the twenty-four hour physical electronic surveillance that [she] discovered

from researching hyperacusis and demyelination of central nervous system"; that, in 2011, "IRS

Cleveland acting director Glenn Holmes called [her] at home from his office and falsely accus[ed]

her] of threatening to blow up the federal building"; and that she "included the NSA because [she]

had symptoms when she traveled to the Russian Olympics in 2014." (*Id.*)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to

dismiss an *in forma pauperis* action pursuant to 28 U.S.C. §1915(e)(2)(B) if it is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks relief from a defendant who is immune from such relief.  *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).  A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §1915(e)(2)(B)).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*.  In other words, dismissal for frivolousness is appropriate where the alleged "claims describ[e] fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id*. at 328.  *See also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (dismissal is appropriate when the "facts alleged rise to the level of the irrational or the wholly incredible").

Upon review, the court finds that Plaintiff's Complaint even liberally construed fails to allege any plausible federal claim on which relief may be granted against the Defendants and falls within the realm of frivolousness.  *See, e.g., Rogers v. Ralles*, No. 2:14-CV-259, 2015 WL 566687 (W.D. Mich. Feb. 11, 2015) (dismissing complaint alleging that prison doctors and employees awakened him from his sleep by administering injections of unknown substances which altered his heart rate and mind set); *Henry v. Caruso*, No. 13-12881, 2014 WL 525032 (E.D. Mich. Feb. 7, 2014) (dismissing complaint premised on allegations that prison officials surgically implanted transmission devices into plaintiff's neck).

2

**Conclusion**

Accordingly, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

January 19, 2018